UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR SANTANA-MEJIAS

**Plaintiff**

v.

CHARLIE AUTO SALES INC.

**Defendant**

CIVIL NO. 98-2066 (JAG)

*Filed And Entered July 31, 2002 6:25 p.m.*

---

**JUDGMENT**

On January 9, 2001, defendant Charlie Auto Sales, Inc. filed a motion informing the Court that it had filed a bankruptcy petition and requesting a stay of proceedings. (Docket No. 27.) As noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962). Moreover, the First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Investments v. Eagle Inns, Inc., 81 F.3d 13 (1st Cir. 1996).

In view of the pending bankruptcy action and the uncertainty and length of said proceedings, the above-captioned Complaint is hereby DISMISSED WITHOUT PREJUDICE. This dismissal will not affect in any manner plaintiff's pending claims against

1



defendant. Upon the conclusion of the bankruptcy proceedings, or the lifting of the stay pursuant to 11 U.S.C. § 362, plaintiff may file a petition to reinstate the proceedings in this case. Plaintiff's petition for reinstatement shall not be deemed as a new filing. Rather, his petition will be effective *nunc pro tunc* to the date of the original filing. Judgment is hereby entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 31st day of July, 2002.

JAY A. GARCIA-GREGORY
United States District Judge